### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

MARK A. FREEMAN and
TIMOTHY K. STRINGER,

        Plaintiffs,

        v.                            Case No.  02-2249-JWL

GERBER PRODUCTS COMPANY,

        Defendant.

_____

### MEMORANDUM AND ORDER

This is a patent infringement case in which plaintiffs Mark A. Freeman and Timothy K. Stringer allege that sippy cups sold by the defendant Gerber Products Company infringe certain claims of their patented design for a controllable valved closure.  The matter comes before the court on Gerber's Motion for Leave to File Motion for Reconsideration of Claim Construction (Doc. 126).  By way of this motion, Gerber seeks leave to file a motion seeking reconsideration of the court's claim construction order in light of the Federal Circuit's relatively recent decisions in *Phillips v. AWH Corp.*, 415 F.3d 1303 (Fed. Cir. 2005) (en banc), and *Nystrom v. TREX Co.*, 424 F.3d 1136 (Fed. Cir. 2005).

Plaintiffs argue that the court should deny Gerber's motion because Gerber has waited an unreasonable length of time to seek reconsideration of the court's claim construction order in light of *Phillips*.  Specifically, the court issued its claim construction order (Doc. 104) on February 17, 2005; the Federal Circuit issued its opinion in *Phillips* on July 12, 2005; and the

court issued its Memorandum and Order (Doc. 125) denying Gerber's motion for summary judgment of literal noninfringement on September 19, 2005.  Yet Gerber waited until *after* the court issued its summary judgment order to seek reconsideration in light of *Phillips*. Plaintiffs contend that Gerber should have sought reconsideration promptly after the Federal Circuit issued its opinion in *Phillips* rather than waiting until after this court issued its order denying Gerber's motion for summary judgment.   According to plaintiffs, Gerber is seeking "another bite of the apple."

This case has not yet proceeded to the stage where a final judgment has been entered. Thus, this court's order construing the claims of the patent was an interlocutory order that this court has the inherent power to reconsider and modify.  *See* Fed. R. Civ. P. 54(b) (stating that absent "entry of a final judgment as to one or more but fewer than all of the claims or parties," "any order . . . which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment"); *see also United States v. LoRusso*, 695 F.2d 45, 53 (2d Cir. 1982) ("A district court has the inherent power to reconsider and modify its interlocutory orders prior to the entry of judgment . . . ."); *Collins v. State*, 60 F.3d 837, 1995 WL 405112, at *1 (10th Cir. 1995) (unpublished table opinion) ("All orders prior to the district court's final order . . . were interlocutory; that is, subject to change while the case was ongoing.").   Moreover, an intervening change in controlling law is an appropriate ground upon which to seek reconsideration.  *See Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)

(listing grounds for reconsideration under Rule 59(e)); *see also* D. Kan. Rule 7.3(b) (same, for nondispositive orders).

But, nonetheless, the court agrees with plaintiffs that Gerber should have moved for reconsideration of the court's claim construction order months ago if Gerber genuinely believed reconsideration was warranted in light of *Phillips*. Instead, Gerber waited until one and a half months after *Phillips* and inserted a brief reference to *Phillips* in its summary judgment reply brief and did not raise any meaningful argument to suggest that *Phillips* warranted a different construction of the claim terms. In any event, the court noted that it had re-evaluated its *Markman* ruling in light of *Phillips* and did not believe that its claim construction analysis ran afoul of the principles announced in *Phillips* in any respect. *See Freeman v. Gerber Prods. Co.*, 388 F. Supp. 2d 1238, — n.2 (D. Kan. 2005) (published page numbers forthcoming).

The court finds it significant that Gerber did not seek to rely on *Phillips* for a more favorable claim construction until after the court partially denied Gerber's motion for summary judgment. Moreover, the court is entirely unpersuaded that the belated nature of Gerber's motion is justified by the Federal Circuit's September 14, 2005, opinion in *Nystrom* inasmuch as *Nystrom* did not represent an intervening change in controlling law, but rather simply applied the Federal Circuit's en banc opinion in *Phillips* to the facts of that case. At this late date, the court has already entered final judgment in plaintiffs' related case against Playtex Products, Inc. utilizing the same claim construction that Gerber is now urging the court to revisit. If the court were to revise its claim construction order at this late date it could

potentially result in inconsistent claim construction rulings between the two cases.   The court is not inclined to give Gerber the potential benefit of such an inconsistency when it has waited so long to raise this issue.

**IT IS THEREFORE ORDERED THAT** Gerber's Motion for Leave to File Motion for Reconsideration of Claim Construction (Doc. 126) is denied.

**IT IS SO ORDERED** this 1st day of November, 2005.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

4