**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**MARK A. FREEMAN and
TIMOTHY K. STRINGER,**

        **Plaintiffs,**

        **v.**                      **Case No. 02-2249-JWL**

**GERBER PRODUCTS COMPANY,**

        **Defendant.**
_____

**MEMORANDUM AND ORDER**

Plaintiffs Mark A. Freeman and Timothy K. Stringer own United States Patent No. 5,186,347 (the '347 patent), which is a patent for a spill-proof closure used in dispensing liquid beverages.  They claim that sippy cups sold by the defendant Gerber Products Company infringe certain claims of the '347 patent.  Gerber, in turn, claims that the '347 patent is anticipated and/or obvious in view of the prior art.  The case was tried to a jury in December of 2006.  The jury returned a verdict in favor of Gerber, finding Gerber's products do not infringe the claims of the patent and also that those claims of the patent are invalid.  The court entered judgment accordingly.  This matter is now before the court on Gerber's Motion to Amend the Judgment and Plaintiffs' Motion for Judgment Notwithstanding the Verdict or, Alternatively, a New Trial (docs. #236 & #237).  For the reasons explained below, because the jury's finding of obviousness was supported by substantial evidence, the

court will deny plaintiffs' motion, although the finding of anticipation was not, will grant Gerber's motion, and will direct the clerk to enter an amended judgment in this case.

## BACKGROUND

At the trial of this case, plaintiffs contended that Gerber willfully infringed claims 7, 9, 11, 14, and 16 of the '347 patent by making, selling, offering to sell, and/or importing certain spill-proof cups and bottles, sometimes referred to as "sippy cups," and replacement valves or lids for those cups and bottles.  Gerber denied plaintiffs' claim of infringement and, additionally, contended that claims 7, 9, 11, 14, and 16 are invalid as anticipated and/or obvious in view of the prior art.  Gerber also asserted the affirmative defense of laches.  At the close of the evidence, the court granted Gerber's Rule 50 motion for judgment as a matter of law finding no infringement of claim 11.  The court submitted the issues of infringement and invalidity on claims 7, 9, 14, and 16 to the jury.  The jury returned a verdict of no infringement and invalidity as to each of the four claims.  The court subsequently issued its Findings of Fact and Conclusions of Law (doc. #234) rejecting Gerber's assertion of the defense of laches.  The clerk entered judgment in favor of Gerber and against plaintiffs pursuant to the jury verdict and the decision of the court.

Within ten days after entry of judgment, the parties filed the post-trial motions which are currently at issue.  Therein, Gerber asks the court to amend the judgment to include specific language reflecting the court's ruling of non-infringement as to claim 11, the jury's verdict of non-infringement as to claims 7, 9, 14, and 16, and the jury's verdict of invalidity

2

as to claims 7, 9, 14, and 16.  In plaintiffs' response, they state that they do not oppose Gerber's motion except insofar as they now seek a finding that claims 7 and 9 are infringed and not invalid.  Plaintiffs seek judgment as a matter of law of infringement and validity on claims 7 or 9 or, alternatively, for a new trial.  Plaintiffs contend that the evidence was insufficient to support the jury's verdict.

## MOTION FOR JUDGMENT AS A MATTER OF LAW OR, ALTERNATIVELY, A NEW TRIAL

Motions for judgment as a matter of law and motions for a new trial raise procedural issues that are not unique to patent law, and thus are reviewed under the law of the regional circuit in which the appeal from the district court would usually lie.  *DyStar Textilfarben GmbH & Co. Deutschland KG v. C.H. Patrick Co.*, 464 F.3d 1356, 1359 (Fed. Cir. 2006); *Seachange Int'l, Inc. v. C-COR, Inc.*, 413 F.3d 1361, 1367-68 (Fed. Cir. 2005).

In the Tenth Circuit, judgment as a matter of law under Rule 50(b) of the Federal Rules of Civil Procedure "should be cautiously and sparingly granted."  *Black v. M&W Gear Co.*, 269 F.3d 1220, 1238 (10th Cir. 2001).  "Judgment as a matter of law is appropriate only if the evidence points but one way and is susceptible to no reasonable inferences which may support the nonmoving party's position."  *Escue v. Northern Okla. College*, 450 F.3d 1146, 1156 (10th Cir. 2006) (quotation omitted); *accord O'Tool v. Genmar Holdings, Inc.*, 387 F.3d 1188, 1194 (10th Cir. 2004).  The court views the evidence and all reasonable inferences therefrom in the light most favorable to the non-moving party.  *Escue*, 450 F.3d

3

at 1156; *Snyder v. City of Moab*, 354 F.3d 1179, 1184 (10th Cir. 2003).  In weighing the proof, the court does not weigh the evidence, pass on the credibility of witnesses, or substitute its judgment for that of the jury. *Marquez v. City of Albuquerque*, 399 F.3d 1216, 1220 (10th Cir. 2005); *United Mine Workers of Am. v. Rag Am. Coal Co.*, 392 F.3d 1233, 1237 (10th Cir. 2004).

A motion for a new trial made on the grounds that the jury's verdict is against the weight of the evidence is committed to the sound discretion of the trial court.  *Veile v. Martinson*, 258 F.3d 1180, 1188 (10th Cir. 2001).  The "inquiry focuses on whether the verdict is clearly, decidedly or overwhelmingly against the weight of the evidence." *Escue*, 450 F.3d at 1157 (quotation omitted).  The evidence is viewed in the light most favorable to the prevailing party. *Id.* at 1156; *Snyder*, 354 F.3d at 1187-88.  The court must bear in mind that "determining the weight to be given to the testimony, drawing inferences from the facts established, resolving conflicts in the evidence, and reaching ultimate conclusions of fact" are functions within the sole province of the jury. *Veile*, 258 F.3d at 1190-91.

## DISCUSSION

For the reasons explained below, the court will deny plaintiffs' motion for judgment as a matter of law or, alternatively, a new trial.  Viewing the evidence in the light most favorable to Gerber, as the prevailing party, the court cannot find that the evidence was susceptible to no reasonable inferences that supported Gerber's case, nor can the court find

4

that the jury's verdict was clearly, decidedly, or overwhelmingly against the weight of the evidence.

## I.   <u>**Non-Infringement**</u>

As a threshold matter, plaintiffs' motion for judgment as a matter of law of non-infringement on claims 7 and 9 is denied based solely on procedural grounds.  A pre-verdict motion under Rule 50(a) is a prerequisite to a post-verdict motion under Rule 50(b). *Marshall v. Columbia Lea Reg'l Hosp.*, 474 F.3d 733, 738 (10th Cir. 2007).  Plaintiffs made a Rule 50(a) motion at the close of the evidence, but that motion was as to Gerber's invalidity claim, not plaintiffs' infringement claim.  A renewed motion under Rule 50(b) cannot assert grounds for relief not asserted in the original motion.  *Id.* at 738-39.  Because plaintiffs did not make a pre-verdict Rule 50(a) motion on the issue of infringement, they cannot now assert that as a basis for a post-verdict Rule 50(b) motion.

Turning to plaintiffs' request for a new trial on the issue of non-infringement as to claims 7 and 9, a determination of infringement is a two-step process.  *Seachange Int'l, Inc.*, 413 F.3d at 1377.  First, the court must construe the asserted claims.  *Id.*  In this case, the court already construed the claims and instructed the jury consistent with the court's claim construction order; at this procedural juncture the parties do not claim any legal error in those jury instructions.  Thus, the court turns to the second step in the infringement analysis, which is a comparison of the properly construed claims to the allegedly infringing devices.  *Id.*  To prove infringement, plaintiffs were required to show that Gerber's accused products met each claim limitation, either literally or under the doctrine of equivalents.  *Id.*  Plaintiffs, as the

5

patentees, had the burden of proving infringement by a preponderance of the evidence. *CVI/Beta Ventures, Inc. v. Tura LP*, 112 F.3d 1146, 1161 (Fed. Cir. 1997).

Viewing the evidence in the light most favorable to Gerber, the court cannot find that the jury's finding that plaintiffs did not meet their burden of proving by a preponderance of the evidence that Gerber's accused products infringed each limitation of claims 7 and 9 was clearly, decidedly, or overwhelmingly against the weight of the evidence. Following is a discussion of two of the key disputed claim limitations.

A.    *Claim Limitation 7(e): "thin membrane having attachable means for attaching said thin membrane to an inner surface of said closure"*

Claim limitation 7(e) claims a "thin membrane having attachable means for attaching said thin membrane to an inner surface of said closure." There are two significant aspects to this claim limitation. First, the court construed the phrase "thin membrane having attachable means" to mean "*a thin, soft, pliable sheet with a wall around its perimeter*. The thin membrane itself may take any of a variety of shapes." Jury Instructions (doc. #232), at 18. Second, the phrase "means for attaching said thin membrane to an inner surface of said closure" is a means-plus-function claim limitation. The court instructed the jury that "[t]he structure disclosed in the patent specification for performing that recited function is *an interlocking snap fit formed by a groove on the exterior of the wall around the perimeter of the thin membrane which abuts and is affixed to a ridge on the interior of the spout*." *Id.*

With respect to the means-plus-function limitation, plaintiffs point out that their expert, Carey Bisbee, testified at trial that the accused products include structure (a friction

fit) that performs the same function of attaching the thin membrane to an inner surface of the closure, that the friction fit which performs that function is equivalent to the snap fit structure claimed in the '347 patent, and that such friction fit structures are known to be interchangeable with snap fit structures. Gerber's expert, Bruce Mueller, however, testified that he disagreed with Mr. Bisbee's testimony that the differences between Gerber's friction fit and the '347 patent's snap fit are insubstantial. He testified at length concerning the differences between the two structures in what can fairly be characterized as discussing whether the friction fit in Gerber's accused products performs that function in substantially the same way, to achieve substantially the same result as the snap fit claimed in the '347 patent. Although plaintiffs correctly point out that Mr. Mueller did not use these express words, the nature of his testimony was such that a jury could certainly reasonably infer from the evidence that the two products were not structurally equivalent under the function-way-result test. Mr. Mueller concluded that the differences between the Gerber friction fit cartridge and the interlocking snap fit in claim element 7(e) are not insubstantial and, in fact, "are worlds apart." The jury had the exclusive function of appraising the credibility of Messrs. Bisbee and Mueller, determining the weight to be given to their testimony, *Seeley v. Chase*, 443 F.3d 1290, 1293 (10th Cir. 2006), and resolving conflicts in the evidence, *Veile*, 258 F.3d at 1191. The jury may have reasonably discredited Mr. Bisbee's testimony because he was not a persuasive expert witness, particularly on this topic, while, at the same time, finding Mr. Mueller's testimony to be highly credible.

7

Plaintiffs' argument based on what they contend was evidence of the known interchangeability of the two structures is also without merit for two reasons. First, the court does not agree with plaintiffs that the jury was required to accept plaintiffs' characterization of the evidence from the '621 patent or Ms. Bachman's testimony. Second, evidence of known interchangeability is not dispositive in any event. *Chiuminatta Concrete Concepts, Inc. v. Cardinal Indus., Inc.*, 145 F.3d 1303, 1309 (Fed. Cir. 1998).

In sum, to the extent that the jury resolved the conflicting evidence on this issue in favor of Gerber, the court cannot find that the jury's conclusion was clearly, decidedly, or overwhelmingly against the weight of the evidence.

B.      *Claim Limitation 7(f): "a slit through a planar section of said thin membrane"*

Claim limitation 7(f) claims a "a slit through a planar section of said thin membrane, said slit functioning to provide an opening through said thin membrane when an external negative pressure exists and remain closed when internal and external pressures are equal." The court construed the phrase "a slit through a planar section of said thin membrane" to mean "*a slit through the section of the thin membrane that has a flat, two-dimensional quality*." Jury Instructions (doc. #232), at 19.

In support of plaintiffs' motion for a new trial, they point to the testimony of their expert, Dr. Robert Sorem, who testified that the "planar section" limitation was literally met by the valve in Gerber's spill-proof cups.[1] They also contend that on cross examination the

[1] The court instructed the jury that the doctrine of equivalents does not apply to the "planar section" limitation in 7(f) because of a narrowing amendment made during

inventor of the Gerber valve, Timothy Socier, testified that Gerber's valve has a slit through

a flat section of the valve.  In fact, Mr. Socier testified on cross examination as follows:

> Q.    [Referring to Plaintiff's Exhibit 19] Do you see that portion that I've
>        highlighted in orange?
> A.    Yes.
> Q.    That's a flat surface, isn't it?
> A.    Yes it is.
> Q.    And there's a slit through that flat surface, isn't there?
> A.    Yes, there is.
> Q.    And that slit opens up and closes back down, doesn't it?
> A.    Yes, it does.
> Q.    [Referring to Plaintiff's Exhibit 16] You testified that this is another
>        valve that was or is being sold to Gerber for use in their sippy cups; is
>        that right?
> A.    Yes, that's correct.
> Q.    Do you see the surface that I've highlighted in orange?
> A.    Yes, I do.
> Q.    Is that section that I've highlighted flat?
> A.    Yes it is.
> Q.    And are there slits through that section of the valve that I've
>        highlighted.
> A.    Yes, there is.

Counsel's sudden change from using the term "surface" to then using the term "section"

during Mr. Socier's testimony certainly diluted the persuasiveness of this testimony, as it

appears that Mr. Socier answered "yes" simply because he missed the change in wording.

In fact, on re-direct Mr. Socier clarified that what was depicted in Exhibit No. 16 was "a

surface."  It can be reasonably inferred from the evidence that the jury understood Mr.

---

prosecution of the '347 patent.  Therefore, there can be no infringement unless this
requirement is literally present within Gerber's product. Jury Instructions (doc. #232), at 24.

Socier's arguably inconsistent testimony to mean a flat surface, not a flat section of the membrane.

More importantly, however, the jury had as evidence the cups themselves, the valves, and the relevant drawings.  That evidence reflects that the portion of the accused thin membrane structure in the Gerber valve where the slit is located is flat on one surface and curved on the other surface.  For a more detailed explanation of this structure, see generally the court's ruling on Gerber's motion for summary judgment at *Freeman v. Gerber Products Co.*, 388 F. Supp. 2d 1238 (D. Kan. 2005).  Additionally, Gerber presented the testimony of Mr. Mueller that the portion of the accused thin membrane structure in the Gerber valve where the slit is located is not "planar" in that a cross-section of the valve is not rectangular. He explained that, in his view, Dr. Sorem erroneously pointed to the flat surface of the membrane rather than looking at a cross-section of the membrane.  Becky Bachman, Gerber's project manager for the Gerber valve, also testified about the shape of the membrane.  She explained that it was flat on one side and dome shaped on the other.

As a whole, this evidence is sufficient to support the jury's finding of no infringement. Because the evidence was sufficient to support a finding that Gerber's accused products did not meet one or more of the claim limitations, then, the court cannot find that the jury's conclusion was clearly, decidedly, or overwhelmingly against the weight of the evidence. Accordingly, Gerber is not entitled to a new trial on the issue of infringement.

## II.   **Invalidity**

The court instructed the jury that Gerber contended that claims 7, 9, 14, and 16 of the '347 patent are invalid because they are anticipated by the Venable '183 patent; that those

10

claims of the patent are invalid because they would have been obvious to a person of ordinary skill in the art in view of the Venable '183 patent alone or combined with the Morifuji '568 patent, the Drobish '006 patent, or the Klassen '457 patent; and that Gerber was required to prove its claim that claims 7, 9, 14, and 16 of the '347 patent were invalid by clear and convincing evidence.  Plaintiffs now challenge the jury's finding that claims 7 and 9 of the '347 patent are invalid.  Plaintiffs contend that the evidence was insufficient to support a finding that those claims of the '347 patent were anticipated by Venable, and was also insufficient to support a finding that they were obvious in view of Venable, Klassen, Drobish, or Morifuji.

###### A.    *Anticipation Based on Venable*

Each claim of a patent is presumed valid.  35 U.S.C. § 282; *Rosco, Inc. v. Mirror Lite Co.*, 304 F.3d 1373, 1377 (Fed. Cir. 2002).  To overcome this presumption, a party challenging a patent must prove facts supporting a determination of invalidity by clear and convincing evidence.  *Id.*  A "patent claim is invalid as anticipated if every limitation in a claim is found in a single prior art reference, either expressly or inherently."  *Impax Labs., Inc. v. Aventis Pharm., Inc.*, 468 F.3d 1366, 1381 (Fed. Cir. 2006).  In addition, for "prior art to anticipate a claim it must be sufficient to enable one with ordinary skill in the art to practice the invention."  *SmithKline Beecham Corp. v. Apotex Corp.*, 403 F.3d 1331, 1342 (Fed. Cir. 2005) (quotation omitted).  "Anticipation is a factual determination that is reviewed for substantial evidence when decided by a jury."  *Koito Mfg. Co. v. Turn-Key-Tech LLC*, 381 F.3d 1142, 1149 (Fed. Cir. 2004).  Thus, the court asks "whether the record taken

as a whole would support the verdict in the mind of a reasonable person." *Liquid Dynamics Corp. v. Vaughan Co.*, 449 F.3d 1209, 1218 (Fed. Cir. 2006). Under this standard, a party challenging the validity of a patent shoulders "an especially heavy burden." *Koito Mfg. Co.*, 381 F.3d at 1151. In this case, then, Gerber bore the burden of demonstrating by clear and convincing evidence that "there were no differences" between plaintiffs' claimed invention and Venable. *Union Carbide Chems. & Plastics Tech. Corp. v. Shell Oil Co.*, 308 F.3d 1167, 1188-89 (Fed. Cir. 2002).

The Federal Circuit has explained what is necessary to show anticipation by a given reference as follows:

> Typically, testimony concerning anticipation must be testimony from one skilled in the art and must identify each claim element, state the witnesses' interpretation of the claim element, and explain in detail how each claim element is disclosed in the prior art reference.

*Koito Mfg. Co.*, 381 F.3d at 1152 (quotation omitted). General and conclusory testimony is insufficient, even if the reference has been submitted into evidence. *Id.*

Plaintiffs contend that Gerber did not meet its burden of proof because its expert failed to address three of the limitations set forth in claims 7 and 9. First, Mr. Mueller did not address whether Venable discloses a thin membrane "covering said opening in said passageway," an express part of claim limitation 7(e). Second, he also did not address whether Venable discloses a slit through a thin membrane "functioning to provide an opening through said thin membrane when an external negative pressure exists and remain closed when internal and external pressures are equal," as recited in claim limitation 7(f). And,

12

third, he did not address whether Venable discloses a thin membrane "wherein said planar section of said thin membrane is between 0.001 inches and 0.100 inches in thickness," an express limitation of claim 9.  In response, Gerber contends that Mr. Mueller carefully explained the disclosure of the Venable reference and how it met each limitation, and that his testimony was memorialized on a demonstrative board exhibit where he went through each and every limitation.

The court has carefully reviewed Mr. Mueller's testimony and finds that Gerber did not present clear and convincing evidence that each and every limitation of claims 7 and 9 of the '347 patent were found, either expressly or inherently, in Venable.  Although Mr. Mueller offered testimony that claim limitations 7(e) and 7(f) were found in Venable, he did not address each of the subparts of those claim limitations—most notably, two of the subparts emphasized by plaintiffs.  To be sure, it could reasonably be inferred that the first of these (a thin membrane covering the opening in the passageway) is found in Venable given the inherent design of the dispensing device found in Venable.  But Gerber did not present testimony from one skilled in the art explaining in detail that the thin membrane in Venable is of the thickness found in claim 9 of the '347 patent.  Consequently, the jury's finding of invalidity as to claim 9 cannot be upheld on the basis that claim 9 was anticipated by Venable.

Additionally, Gerber did not present testimony from one skilled in the art explaining in detail that the slit in the membrane in Venable necessarily operates by virtue of external negative pressure, as is required by claim limitation 7(f).  Mr. Mueller did not even address

13

this issue during his testimony.  No such express "external negative pressure" limitation is found in Venable.  Therefore, an "external negative pressure" limitation must be inherently found in Venable in order to sustain a verdict based on anticipation.  "Under the doctrine of inherency, if an element is not expressly disclosed in a prior art reference, the reference will still be deemed to anticipate a subsequent claim if the missing element 'is necessarily present in the thing described in the reference, and that it would be so recognized by persons of ordinary skill.'"  *Rosco*, 304 F.3d at 1380.  Inherency requires the missing descriptive material to be necessarily present in the prior art, not merely probably or possibly present in it.  *Id.*  The only evidence in the record on this subject is a portion of Venable's written description which states that the angles at which the valves are cut "are preferred angular relationships and have been found to be highly effective in nursing bottles and in medicine and liquid soap dispensing bottles."  Venable '183 Patent, Col. 3, ll. 36-38.  But, the Venable patent does not state that the dispensing device claimed in the Venable patent itself could be used as a nursing bottle or lid.  At most, the nursing bottle reference amounts to an acknowledgment that the Venable dispensing device *could* be operated by external negative pressure.  But, this is a mere probability or possibility.  The reference in Venable to nursing bottles certainly does not amount to a statement that the Venable dispensing device must necessarily be operated by external negative pressure such as suction.  Moreover, the knowledge of one skilled in the art does not grant a license to read into the prior art reference teachings that are not there.  *Motorola, Inc. v. Interdigital Tech. Corp.*, 121 F.3d 1461, 1473 (Fed. Cir. 1997).  Accordingly, the jury's finding of invalidity as to claim 7 also cannot be

upheld on the basis that claim 7 was anticipated by Venable. *See, e.g.*, *Union Carbide Chems. & Plastics Tech. Corp.*, 308 F.3d at 1189 (district court did not err in granting judgment as a matter of law on the issue of anticipation where neither of the prior art references included one of the limitations contained in the asserted patent); *Motorola*, 121 F.3d at 1473 (reversing the district court's denial of judgment as a matter of law on invalidity where the prior art reference did not contain the claimed elements).

> B.    *Obviousness Based on Venable, Alone or Combined with Morifuji, Drobish, or Klassen*

To establish that a patent claim is obvious, a party asserting obviousness must show by clear and convincing evidence that "the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art." 35 U.S.C. § 103(a). The obviousness determination is ultimately a question of law based on underlying findings of fact. *DyStar Textilfarben GmbH & Co. Deutschland KG v. C.H. Patrick & Co.*, 464 F.3d 1356, 1360 (Fed. Cir. 2006). The factual inquiries that underlie the obviousness determination include the scope and content of the prior art, the differences between the claimed invention and the prior art, the level of ordinary skill in the field of invention, and any relevant secondary considerations such as commercial success, long felt but unresolved need, and failure of others. *Id.* (citing *Graham v. John Deere Co.*, 383 U.S. 1, 17-18 (1966)). The court reviews the underlying findings of fact, whether explicit or implicit within the verdict, for substantial evidence. *Koito Mfg. Co.*, 381 F.3d at 1149.

In support of the jury's verdict of obviousness, Gerber directs the court's attention to the testimony of its expert, Mr. Mueller.  Gerber contends, first, that Mr. Mueller testified that the claimed invention in the '347 patent would have been obvious in view of Venable alone.  As discussed above, however, during counsel's questioning concerning anticipation, Mr. Mueller did not compare all of the differences between Venable and the claim limitations present in the '347 patent.  Once counsel began questioning Mr. Mueller concerning obviousness, he elaborated on Venable only to explain that the membrane in Venable snapped into the lid whereas in the '347 patent the reverse was true, i.e., the lid more or less snapped into the membrane.  Mr. Mueller still did not discuss the disparity between the fact that Venable does not require the opening to be contained within the user's mouth during operation of the closure, does not require the valve to be operated by external negative pressure, and does not specify a particular thickness of the membrane.  Instead, the sum total of his testimony concerning obviousness based on Venable alone was as follows:

> Q.   So let me just summarize then is it your view that claim 7 and 14 of the Freeman '347 patent are invalid as being anticipated by the patent to Venable?
>
> A.   Yes.
>
> Q.   And it's your view that if not anticipated claim 7, 14, and 9 would be obvious in view of Venable either alone or combined with either Morifuji, Drobish, or Klassen.
>
> A.   Yes.

Mr. Mueller's testimony that the claims of the '347 patent were obvious in view of Venable alone was so perfunctory and conclusory that the court simply cannot find that testimony

constitutes sufficient evidence to uphold a finding of invalidity, particularly in light of the fact that the testimony was elicited by leading questions. *See NTP, Inc. v. Research in Motion, Ltd.*, 418 F.3d 1282, 1325 (Fed. Cir. 2005) (expert's conclusory testimony was insufficient to meat high burden of clear and convincing evidence with respect to obviousness); *Upjohn Co. v. Mova Pharm. Corp.*, 225 F.3d 1306, 1311 (Fed. Cir. 2000) (obvious determination requires some evidentiary support beyond an expert's conclusory opinion); *ADT Corp. v. Lydall, Inc.*, 159 F.3d 534, 546 (Fed. Cir. 1998) (same).

Thus, the only plausible remaining ground for the jury's verdict of invalidity was based on a finding that the claims of the '347 patent were obvious in view of Venable in combination with Klassen, Drobish, or Morifuji. The overwhelming bulk of Mr. Mueller's testimony concerning obviousness was directed toward the combination of these prior art references. Thus, his testimony concerning the combination of the references does not suffer from the flaw of being too conclusory, as it did with respect to Venable alone. Plaintiffs' predominant argument as to why Gerber did not meet its burden of proving obviousness is that, plaintiffs contend, Gerber did not present any evidence of a motivation or suggestion to modify or combine references.

Plaintiffs are correct that as a matter of law when the claim limitations supporting an obviousness determination are found in a number of prior art references, one of the subsidiary requirements of the first *Graham* factor (i.e., the scope and content of the prior art) is that the party asserting obviousness "must articulate the reasons one of ordinary skill in the art would have been motivated to select the references and to combine them to render the

claimed invention obvious." *Sanofi-Synthelabo v. Apotex, Inc.*, 470 F.3d 1368, 1379 (Fed. Cir. 2006) (quotation omitted). This motivation-to-combine requirement prevents statutorily proscribed hindsight reasoning when determining the obviousness of an invention. *DyStar Textilfarben*, 464 F.3d at 1360-61; *Alza Corp. v. Mylan Labs., Inc.*, 464 F.3d 1286, 1290 (Fed. Cir. 2006). A motivation to combine may be found in the prior art references themselves; in the knowledge of those of ordinary skill in the art that certain references, or disclosures in those references, are of special interest or importance in the field; or from the nature of the problem to be solved, leading inventors to look to references relating to possible solutions to that problem. *Ruiz v. A.B. Chance Co.*, 234 F.3d 654, 665 (Fed. Cir. 2000). A claim can be obvious even where all of the claimed features are not found in specific prior art references if there is a showing of a suggestion or motivation to modify the teachings of the prior art to the claimed invention. *Ormco Corp. v. Align Tech., Inc.*, 463 F.3d 1299, 1307-08 (Fed. Cir. 2006). The test for an implicit showing is what the combined teachings, knowledge of one of ordinary skill in the art, and the nature of the problem to be solved as a whole would have suggested to those of ordinary skill in the art. *Id.* at 1308. According to the motivation-suggesting-teaching test, the court must ask "whether a person of ordinary skill in the art, possessed with the understandings and knowledge reflected in the prior art, and motivated by the general problem facing the inventor, would have been led to make the combination recited in the claims." *Alza Corp.*, 464 F.3d at 1290 (quotation omitted).

The court disagrees with plaintiffs' argument that Gerber did not present any evidence of a motivation or suggestion to modify or combine references. The presence or absence of

a motivation to combine references in an obviousness determination is a pure question of fact. *Alza Corp*, 464 F.3d at 1289; *Cardiac Pacemakers, Inc. v. St. Jude Med., Inc.*, 381 F.3d 1371, 1378 (Fed. Cir. 2004); *McGinley v. Franklin Sports, Inc.*, 262 F.3d 1339, 1351 (Fed. Cir. 2001).  In this case, there was substantial evidence from which the jury could have decided that one of ordinary skill in the art would have been motivated to combine Venable with Klassen, Drobish, or Morifuji to produce the invention claimed in the '347 patent. There was much testimony from Ms. Bachman concerning Gerber's need to develop a spill-proof valve for a child sippy cup.  Mr. Mueller testified at length concerning the art disclosed in the Venable patent, as alluded to in the court's anticipation discussion above.  Mr. Mueller also testified that the Morifuji patent discloses a nipple to be used with a nursing bottle.  He testified that it would have been obvious to a person of ordinary skill in the art to combine the Morifuji and Drobish references with the Venable reference in order to obviate element 7(e).  Thus, it could be inferred that Morifuji supplies one of the missing limitations from Venable, which is a suction-operated mechanism like the one claimed in the '347 patent. Additionally, Mr. Mueller stated that, "[a]s a matter of fact as I mentioned earlier this morning it seems like an eternity ago now we [meaning Gerber] in fact used those techniques in evaluating – developing our valve and our package.  We picked and chose things that fit our needs."  Thus, it certainly could be inferred from the evidence that the motivation to combine the references was the need to develop a spill-proof cup for children, as driven by market demand.

19

Plaintiffs also contend that the evidence was too insubstantial to support the jury's finding of obviousness with respect to claim 9 of the '347 patent based on the thickness of the membrane disclosed in Klassen. Claim 9 claims "a controllable valved closure according to claim 7 wherein said planar section of said thin membrane is between 0.001 inches and 0.100 inches in thickness." '347 Patent, col. 4, ll. 31-33. Mr. Mueller testified that the Klassen patent teaches a thickness of a thin membrane valve that is within this range and that it would have been obvious to make a membrane of such thickness if one were going to use a device such as Venable. Plaintiffs contend that Gerber did not provide any evidence of a motivation or suggestion to make the disc disclosed in Venable of the thickness disclosed in Klassen. Mr. Mueller, however, testified that claim 9 would also be invalid as being obvious for the reasons discussed previously, thus implicitly incorporating his earlier comment concerning how they developed the Gerber valve. This evidence is substantial enough to support the jury's verdict of obviousness.

Finally, plaintiffs contend that it would have been improper for the jury to rely on Klassen and Venable as invalidating prior art because they "teach away" from the claimed invention inasmuch as they disclose "squeeze bottles," not valves operated by external suction. "[A] reference that 'teaches away' from a given combination may negate a motivation to modify the prior art to meet the claimed invention." *Ormco Corp. v. Align Tech., Inc.*, 463 F.3d 1299, 1308 (Fed. Cir. 2006). "A reference may be said to teach away when a person of ordinary skill, upon reading the reference, would be discouraged from following the path set out in the reference, or would be led in a direction divergent from the

path that was taken by the applicant." *Id.* (quotation omitted).  The court instructed the jury consistent with these principles.  *See* Jury Instructions (doc. #232), at 43.  Plaintiffs direct the court's attention to the testimony of Ms. Bachman as she read from the prosecution history of the '621 patent in which Gerber argued before the Patent & Trademark Office that prior squeeze bottle art taught away from the claims of the '621 patent.  Notably, however, the references discussed during Ms. Bachman's testimony did not include Venable, Drobish, Morifuji, or Klassen.  The jury was not required to accept this testimony from Ms. Bachman as conclusive evidence that a person of ordinary skill seeking to design a spill-proof child sippy cup, upon reading Venable, Drobish, or Klassen, would be discouraged from following the paths set forth therein.  Whether a reference teaches away from the claimed invention is a question of fact.  *Medichem, S.A. v. Rolabo, S.L.*, 437 F.3d 1157, 1165 (Fed. Cir. 2006).  The jury's finding of obviousness is not unsupported by the evidence simply because the jury did not find plaintiffs' evidence and argument on this issue to be sufficiently persuasive.

In sum, the jury's verdict that claims 7, 9, 14, and 16 of the '347 are invalid as obvious in light of Venable combined with Morifuji, Drobish, and Klassen is supported by substantial evidence.  Plaintiffs are not entitled to judgment as a matter of law because, viewing the evidence in the light most favorable to Gerber, the evidence is susceptible to inferences which support Gerber's position at trial.  Moreover, plaintiffs are not entitled to a new trial on the issue of invalidity because the verdict was not clearly, decidedly, or overwhelmingly against the weight of the evidence.  Accordingly, plaintiffs' motion is denied.  Because this was the only ground upon which plaintiffs opposed Gerber's motion

21

to amend the judgment, then, the court will grant Gerber's motion and direct the clerk to enter an amended judgment that more fully sets forth the court's rulings and the jury's verdict.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Judgment Notwithstanding the Verdict or, Alternatively, a New Trial (doc. #237) is denied.

**IT IS FURTHER ORDERED** that Gerber's Motion to Amend the Judgment (doc. #236) is granted.  The clerk is directed to amend the judgment in this case to state that pursuant to the jury verdict and the decision by the court:

> IT IS ORDERED AND ADJUDGED that plaintiffs Mark A. Freeman and Timothy K. Stringer shall take nothing and defendant Gerber Products Company shall recover of plaintiffs its costs of the action.
> IT IS FURTHER ORDERED AND ADJUDGED that claims 7, 9, 11, 14, and 16 of United States Patent No. 5,186,347 are not and have not been infringed by defendant Gerber Products Company.
> IT IS FURTHER ORDERED AND ADJUDGED that claims 7, 9, 14, and 16 of United States Patent No. 5,186,347 are invalid.

**IT IS SO ORDERED** this 27th day of March, 2007.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge